UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PINNACLE BROKERS INSURANCE SOLUTIONS LLC, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>SENTINEL INSURANCE COMPANY, LTD.,<br><br>  Defendant. | Case No.  15-cv-02976-JST<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: ECF Nos. 8, 9 |

Now before the Court is Defendant's motion to dismiss. ECF Nos. 8, 9. Plaintiffs oppose the motion to dismiss. ECF No. 12. For the reasons set forth below, the Court will grant the motion.

**I.    BACKGROUND**

**A.    Insurance Policy**

Plaintiff Pinnacle Brokers Insurance Solutions, LLC ("Pinnacle") and Defendant Sentinel Insurance Company, Ltd. ("Sentinel") entered into a business liability insurance contract, policy number 57 SBA BF5672 SC, providing coverage for policyholder Pinnacle from August 1, 2013, to August 1, 2014. Compl., ECF No. 1, Ex A, ¶ 5; Policy, ECF No. 9, Ex. 2. Plaintiffs Aladina Beth Capaccioli and Susan Sanguinetti were employees of Pinnacle, and insureds under the policy. Compl. ¶¶ 2, 5.

The policy provides that:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury" to

which this insurance does not apply.

Policy at 23; see Compl. ¶ 5. "Personal and advertising injury" includes "injury, including consequential 'bodily injury', arising out of . . . [o]ral, written or electronic publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services." Policy at 44-45; see Compl. ¶ 5.

The policy includes the following intellectual property exclusion, which appears in an endorsement entitled, "Amendment of Exclusions and Definition - Personal and Advertising Injury:

> A. Subparagraph 1.p. (7), (8), (15) of Paragraph 2., of Section B. **Exclusions** is deleted an[d] replaced with the following:
>
> **p.    Personal and Advertising Injury:**
>
> **(7) (a)** arising out of any actual or alleged infringement or violation of any intellectual property right, such as copyright, patent, trademark, trade name, trade secret, service mark or other designation of origin or authenticity; or
>
> **(b)** Any injury or damage alleged in any claim or "suit" that also alleges an infringement or violation of any intellectual property right, whether such allegation of infringement or violation is made by you or by any other party involved in the claim or "suit", regardless of whether this insurance would otherwise apply.
>
> However, this exclusion does not apply if the only allegation in the claim or "suit" involving any intellectual property right is limited to:
>
> **(1)**    Infringement, in your "advertisement", of:
>
> **(a)** Copyright;
>
> **(b)** Slogan; or
>
> **(c)** Title of any literary or artistic work; or
>
> **(2)**    Copying, in your "advertisement", a person's or organization's "advertising idea" or style of "advertisement."

Policy at 48; see Compl. ¶ 8.

2

### B. Underlying Suit

On June 25, 2014, Granite Professional Insurance Brokerage, Inc. ("Granite") filed suit against Plaintiffs in Alameda County Superior Court. Complaint, Granite Professional Insurance Brokerage, Inc. v. Capaccioli, No. HG 14730490 ("Granite Compl."), ECF No. 9, Ex. 1; Compl. ¶ 6. Granite alleges that Plaintiffs conspired to steal its customers and prospective customers by "carrying out a series of false and misleading tactics" and "misappropriating confidential and trade secret information." Granite Compl. ¶ 3. It seeks damages and injunctive relief for: (1) fraudulent concealment; (2) negligent misrepresentation; (3) misappropriation of trade secrets; (4) violation of Penal Code § 496; (5) violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"); (6) conspiracy; (7) intentional interference with prospective economic advantage; (8) negligent interference with prospective economic advantage; (9) trade libel; (10) breach of the fiduciary duty of loyalty; (11) breach of the duty of confidentiality; (12) conversion; (13) breach of contract; (14) breach of the implied covenant of good faith and fair dealing; (15) unfair competition in violation of §17200 of the Business and Professions Code; and (16) aiding and abetting breach of the fiduciary duty. Granite Compl. at 1.

### C. Procedural History

Plaintiffs filed their complaint in this action in Contra Costa County Superior Court on March 23, 2015. They allege that Defendant breached the insurance contract and the covenant of good faith and fair dealing by refusing to defend and indemnify them against the Granite suit. Compl. ¶¶ 8, 10, 13, 18. On June 26, 2015, Defendant removed the action to this Court based on diversity of citizenship pursuant to 28 U.S.C. section 1441(b). ECF No. 1. The Court has jurisdiction pursuant to 28 U.S.C. section 1332.

Defendant filed the instant motion to dismiss on June 30, 2015. ECF No. 8. In their opposition to the motion, Plaintiffs requested that the Court convert Defendant's motion to dismiss into a motion for summary judgment, and hear it concurrently with Plaintiffs' motion for partial summary judgment, which is scheduled for hearing on August 27, 2015. ECF No. 12 at 3-4. The Court denied this request on July 23, 2015. ECF No. 15.

## II. REQUEST FOR JUDICIAL NOTICE

Defendants request that the Court take judicial notice of (1) the complaint filed in the underlying Granite suit and (2) the declarations and commercial liability insurance policy forms for the insurance policy Pinnacle obtained from Sentinel, policy number 57 SBA BF5672 SC. ECF No. 9.

Although a court's review on a motion to dismiss is generally limited to the allegations in the complaint, the doctrine of incorporation by reference permits courts "to consider documents in situations where the complaint necessarily relies upon a document or the contents of the document are alleged in a complaint, the document's authenticity is not in question and there are no disputed issues as to the document's relevance." Coto Settlement v. Eisenberg, 593 F.3d 1031, 1038 (9th Cir. 2010). Under this rule, "a court may look beyond the pleadings without converting the Rule 12(b)(6) motion into one for summary judgment." Van Buskirk v. Cable News Network, Inc., 284 F.3d 977, 980 (9th Cir. 2002). The Court may also "take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992).

Plaintiffs' complaint references and necessarily relies upon the underlying Granite complaint and the contents of the insurance contract between Pinnacle and Sentinel, and Plaintiffs do not dispute the documents' authenticity or relevance. See Compl. ¶¶ 5-8. In addition, the Granite action in state court is directly related to the dispute at issue. A court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). Accordingly, the request for judicial notice is granted.

## III. MOTION TO DISMISS

### A. Legal Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Fed. R. Civ. P. 8(a)(2); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual

matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). The Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." Knievel v. ESPN, 393 F.3d 1068, 1072 (9th Cir. 2005).

### B. Insurance Policy Interpretation

Under California law, the interpretation of an insurance contract is question of law for the courts. See Waller v. Truck Ins. Exch., Inc., 11 Cal. 4th 1, 18 (1995). "While insurance contracts have special features, they are still contracts to which the ordinary rules of contractual interpretation apply." Bank of the West v. Superior Court, 2 Cal. 4th 1254, 1264 (1992). "If contractual language is clear and explicit, it governs." Id. In addition, "[t]he terms in an insurance policy must be read in context and in reference to the policy as a whole, with each clause helping to interpret the other." Sony Computer Entm't Am. Inc. v. Am. Home Assurance Co., 532 F.3d 1007, 1012 (9th Cir. 2008) (citing Cal. Civ. Code § 1641; Bay Cities Paving & Grading, Inc. v. Lawyers' Mut. Ins. Co., 5 Cal. 4th 854, 867 (1993); Palmer v. Truck Ins. Exch., 21 Cal. 4th 1109, 1115 (1999)). "[I]f the terms of a promise are in any respect ambiguous or uncertain, it must be interpreted in the sense in which the promisor believed, at the time of making it, that the promisee understood it." Bank of the West, 2 Cal. 4th at 1264-65. "Only if this rule does not resolve the ambiguity do we then resolve it against the insurer." Id. at 1265. California courts have cautioned that language in a contract "cannot be found to be ambiguous in the abstract," and courts should "not strain to create an ambiguity where none exists." Waller, 11 Cal. 4th at 18-19.

Exclusionary clauses in an insurance contract are interpreted narrowly against the insurer. State Farm Mut. Auto. Ins. Co. v. Partridge, 10 Cal. 3d 94, 102 (1973). In order to effectively exclude coverage, an exclusionary clause must be "conspicuous, plain and clear." MacKinnon v.

Truck Ins. Exch., 31 Cal. 4th 635, 639 (2003).

### C. Duty to Defend

An insurer "owes a broad duty to defend its insured against claims that create a potential for indemnity." Montrose Chem. Corp. v. Superior Court, 6 Cal. 4th 287, 295 (1993). Whether the insurer owes a duty to defend is usually determined "in the first instance by comparing the allegations of the complaint with the terms of the policy," but "[f]acts extrinsic to the complaint also give rise to a duty to defend when they reveal a possibility that the claim may be covered by the policy." Id. In a "mixed" action, in which some claims are potentially covered and others are not, the insurer has a duty to defend the action in its entirety. Buss v. Superior Court, 16 Cal. 4th 35, 47-48 (1997). But "if, as a matter of law, neither the complaint nor the known extrinsic facts indicate any basis for potential coverage, the duty to defend does not arise in the first instance." Scottsdale Ins. Co. v. MV Transp., 36 Cal. 4th 643, 655 (2005). "[W]here there is no duty to defend, there cannot be a duty to indemnify." Certain Underwriters at Lloyd's of London v. Superior Court, 24 Cal. 4th 945, 958 (2001) (emphasis omitted).

### D. Discussion

Sentinel argues that because the Granite suit alleges that Plaintiffs infringed or violated Granite's trade secrets, the policy's intellectual policy exclusion applies to preclude coverage for any alleged injury or damage in the underlying suit. ECF No. 8 at 3. Because there is no potential for liability under the insurance policy, Sentinel argues, Sentinel has no duty to defend and the Court should dismiss the action with prejudice. Id.

The intellectual property exclusion explicitly states that the policy does not provide coverage for "Personal and Advertising Injury . . . arising out of any actual or alleged infringement or violation of any intellectual property right, such as . . . trade secret." Policy at 48. It then states that the policy provides no coverage for "[a]ny injury or damage alleged in any claim or 'suit' that also alleges an infringement or violation of any intellectual property right." Id. The Granite suit includes a claim for misappropriation of trade secrets. Granite Compl. ¶¶ 46-56.

The Court finds that the policy's intellectual property exclusion establishes as a matter of law that Sentinel has no duty to defend Pinnacle and its employees in the Granite action. The

policy language is clear and explicit, and therefore governs.  See S.B.C.C., Inc. v. St. Paul Fire & Marine Ins. Co., 186 Cal. App. 4th 383, 397 (2010) (exclusion that "expressly states that in addition to the listed forms of intellectual property infringement, there is no coverage for 'any other injury or damage that's alleged in any claim or suit which also alleges any such infringement or violation'" is "clear and explicit" (emphasis omitted)); Tria Beauty, Inc. v. Nat'l Fire Ins. Co. of Hartford, No. 12-cv-05465-WHA, 2013 WL 2181649, at *8 (N.D. Cal. May 20, 2013) (applying an intellectual property exclusion that "exempted injuries from an enumerated list of claims, including trademark infringement, 'or any other . . . advertising injury alleged in any claim or suit that also alleges any such infringement or violation'" (emphasis omitted)); Molecular Bioproducts, Inc. v. St. Paul Mercury Ins. Co., No. 03-cv-0046-IEG(LSP), 2003 WL 23198852, at *5 (S.D. Cal. July 9, 2003) (applying intellectual property exclusion stating that the "policy provides no coverage for 'any other injury or damage . . . alleged in a claim or suit that also alleges any such [patent] infringement or violation'"); Hartford Cas. Ins. Co. v. Dental USA, Inc., No. 13-cv-7637, 2014 WL 2863164, at *3-4 (applying an intellectual property exclusion identical to the exclusion in the Sentinel policy, and concluding that "the clear and unequivocal terms of the [intellectual property exclusion] are such that the loss at issue . . . is not even potentially covered under such policies"); Ventana Med. Sys., Inc. v. St. Paul Fire & Marine Ins. Co., 709 F. Supp. 2d 744, 757-58 (D. Ariz. 2010), aff'd, 454 F. App'x 596 (9th Cir. 2011) (concluding that a provision that excluded "coverage for other injury or damage or medical expenses alleged in a claim or suit that also alleges infringement or violation of intellectual property rights or laws" was "phrased in clear language").

In their opposition, Plaintiffs do not dispute that the Granite suit includes intellectual property claims, as defined by the policy.  Instead, they argue that: (1) the intellectual property exclusion does not apply to claims that are unrelated to intellectual property; (2) the intellectual property exclusion is unenforceable because it is inconspicuous and/or unclear; and (3) even if some claims are not covered, Sentinel was immediately obligated to defend all claims because the Granite suit is a "mixed" action consisting of both covered and uncovered claims.  ECF No. 12. These arguments are unavailing.

1    First, contrary to Plaintiffs' arguments, the policy language does not require a connection
2  between the alleged intellectual property violation or infringement and another injury or damage
3  alleged in the same suit in order for the intellectual property exclusion to apply.  Plaintiffs'
4  reliance on Align Technology, Inc. v. Federal Insurance Co., 673 F. Supp. 2d 957 (N.D. Cal.
5  2009), and KLA-Tencor Corp. v. Travelers Indemnity Co. of Illinois, No. 02-cv-05641-RMW,
6  2003 WL 21655097 (N. D. Cal. Apr. 11, 2003), is misplaced because the policy language at issue
7  in those cases, unlike the language in the Sentinel policy, did explicitly require such a connection.
8  See Align Tech., 673 F. Supp. 2d at 961 ("This insurance does not apply to any actual or alleged
9  bodily injury, property damage, advertising injury or personal injury arising out of, giving rise to
10 or in any way related to any actual or alleged: assertion; or infringement or violation; by any
11 person or organization (including any insured) of any intellectual property law or right . . .");
12 KLA-Tencor Corp., 2003 WL 21655097, at *2 ("This insurance does not apply to 'bodily injury,'
13 'property damage,' 'personal injury' or 'advertising injury' arising out of or directly or indirectly
14 related to the actual or alleged . . . infringement, violation or defense of any of the following
15 [intellectual property] rights or laws . . . .").  JAR Laboratories LLC v. Great American E & S
16 Insurance Co., 945 F. Supp. 2d 937 (N.D. Ill. 2013), is also inapposite because in that case, the
17 court found that an intellectual property exclusion did not apply where the parties agreed that the
18 underlying complaints made no allegations of intellectual property infringement.  Id. at 945.
19    Second, the exclusion is "conspicuous, plain and clear."  MacKinnon, 31 Cal. 4th at 639;
20 see also Haynes v. Farmers Ins. Exch., 32 Cal. 4th 1198, 1204 (2004) ("Coverage may be limited
21 by a valid endorsement and, if a conflict exists between the main body of the policy and an
22 endorsement, the endorsement prevails.  But to be enforceable, any provision that takes away or
23 limits coverage reasonably expected by an insured must be 'conspicuous, plain and clear.'"
24 (citations omitted)).  It is located on a page titled, in bold capitalized letters, "Amendment of
25 Exclusions and Definition - Personal and Advertising Injury," which contains the following
26 warning, also in bold capitalized letters: "This endorsement changes the policy.  Please read it
27 carefully."  Policy at 48.  The endorsement is the first on the page, and is "not hidden in fine print
28 nor placed in an unusual part of the policy."  Venoco, Inc. v. Gulf Underwriters Ins. Co., 175 Cal.

8

1    App. 4th 750, 759 (2009). Its language clearly and unambiguously communicates that (1)
2    personal and advertising injury arising out of any actual or alleged infringement or violation of
3    any intellectual property right is excluded from the policy; (2) a trade secret is considered
4    intellectual property; and (3) any injury or damage alleged in a suit that also alleges an
5    infringement or violation of an intellectual property right is also excluded. Policy at 48. The
6    exclusion is valid and enforceable.

7    Finally, Plaintiffs' reliance on Buss v. Superior Court to argue that Sentinel is obligated to
8    defend the Granite suit as "mixed" action is misplaced. Plaintiffs are correct that an insurer has a
9    duty to defend an entire "mixed" action, in which some of the claims are at least potentially
10   covered and others are not. Buss 16 Cal. 4th at 47-49. But in this action there are no potentially
11   covered claims. See Hartford Cas. Ins. Co., 2014 WL 2863164, at *4 ("[T]he clear and
12   unequivocal terms of the [intellectual property exclusion] are such that the loss at issue . . . is not
13   ever potentially covered under such policies."). "[I]f, as a matter of law, neither the complaint nor
14   the known extrinsic facts indicate any basis for potential coverage, the duty to defend does not
15   arise in the first instance." Scottsdale Ins. Co., 36 Cal. 4th at 655.

16   Because Sentinel has no duty to defend Pinnacle in the Granite action, Plaintiffs have
17   failed to state a claim for breach of the insurance contract. In addition, where "there is no
18   potential for coverage and, hence, no duty to defend under the terms of the policy, there can be no
19   action for breach of the implied covenant of good faith and fair dealing because the covenant is
20   based on the contractual relationship between the insured and the insurer." Waller, 11 Cal. 4th at
21   36 (emphasis omitted). Accordingly, the Court will grant Defendant's motion to dismiss the
22   complaint in its entirety.

### IV.    LEAVE TO AMEND

Under Federal Rule of Civil Procedure 15(a), leave to amend is freely given when justice so requires. The Court may, however, "exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , [and] futility of amendment.'" Carvalho v. Equifax Info. Servs., LLC, 629 F.3d 876, 892 (9th Cir.

1  2010) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).  Here, the Court concludes that
2  amendment would be futile because Plaintiffs' claims are foreclosed by the policy's intellectual
3  property exclusion.  There is therefore no need to prolong the litigation by granting leave to
4  amend.  See Lipton v. Pathogenesis Corp., 284 F.3d 1027, 1039 (9th Cir. 2002).

## CONCLUSION

For the foregoing reasons, the motion to dismiss is granted with prejudice.

IT IS SO ORDERED.

Dated:  September 2, 2015

_____
JON S. TIGAR
United States District Judge